HALL (SHERWOOD v.). See Case No. 12,-777.

---

## Case No. 5,946.

### HALL v. SINGER et al.

[3 McLean, 17.] [1]

Circuit Court, D. Illinois. June Term, 1842.

PRACTICE—CAPIAS—BAIL BOND—PLEADING.

1. A writ, by virtue of which a bail bond was taken, will not be set aside on motion, after judgment in the original action and suit on the bond.

2. A plea cannot contradict the record.

3. Errors in the original suit should have been corrected as they occurred, or by writ of error.

4. It is too late to correct such errors by plea, or after action brought on the bail bond.

[At law. Suit upon a bail bond. Defendants moved to set aside the capias.]

Mr. Butterfield, for plaintiff.

Logan & Goodrich, for defendants.

OPINION OF THE COURT. This is an action on a bail bond, taken by the marshal, in October, 1840. A judgment was obtained in that suit, at December term, 1840. And a motion is now made to set aside the capias in that case, on the ground that no affidavit was made, as required by the statute of Illinois, to hold to bail. If the irregularity exist, it is too late now to correct it by motion. The case has passed into judgment, and it can only be reviewed and reversed by a writ

[1] [Reported by Hon. John McLean, Circuit Justice.]

of error, if the amount in controversy shall authorise such writ.

The declaration in this case sets out the writ, the indorsement on it, and the bail bond in the usual form. To this the defendants plead, 1st. There was no affidavit on which the writ could issue. 2d. That there was no writ; and, 3d. That there was no indorsement upon it, as the statute requires. The plaintiff demurred to the plea, and assigned as causes of demurrer: 1st. That the plea is double. 2d. That it puts in issue matters of record and of fact. 3d. That the plea should have concluded to the country. 4th. That the bail bond is a recognizance, and that defendants cannot go behind it. 5th. That the bail cannot plead any irregularity in the proceedings of the former case. By their plea the defendants seek to take advantage of a defect in the affidavit, on which the capias was issued, and by virtue of which the bail bond under consideration was taken. There was in fact an affidavit, a writ, and an indorsement of it; and we think, that for any formal defects in any of these requisites, objection cannot be made to a suit on the bail bond. The bond is in the nature of a recognizance, and no error in the proceedings prior to it, can be pleaded to an action on the bond. Advantage should have been taken of the alleged errors, at the time they occurred, by a motion to set aside the affidavit, the writ, or the indorsement, as the correction of the error might require. For any defect in the writ, oyer should have been prayed of the writ, and the defect specially stated. A plea cannot contradict the record, and this is done by the plea, in this case, in every essential particular. The demurrer to the plea is sustained, and judgment.